**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            )<br>              )<br>  Plaintiff/Respondent,  )<br>              )<br>vs.           )<br>              )<br>Victor Galindo Echeverria-Santizo,  )<br>              )<br>  Defendant/Movant.    )<br>_____) | No. CV 14-2560-TUC-CKJ<br>     CR 14-0359-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Victor Galindo Echeverria-Santizo ("Echeverria-Santizo"). The government has filed a response.

I. *Background*

On February 26, 2014, Movant Echeverria-Santizo ("Echeverria-Santizo") was indicted on one count of Illegal Re-Entry of Removed Alien. On April 4, 2014, Echeverria-Santizo entered a plea of guilty to the Indictment pursuant to a plea agreement. The plea agreement included the following agreement regarding sentence:

> B.   Stipulated Sentence Under Early Disposition Program. Although the parties understand that the Sentencing Guidelines are only advisory, and just one of the factors the Court will consider under 18 U.S.c. § 3553(a), purusant to Rule 11(c)(1)(C), Fed. R. Crim. P. and U.S.S.G. § 5K3.1, the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense:

**Two Level Departure For Fast Track**

**Offense Level 24:**     (8 + 16) - U.S.S.G. § 2l1.2
30 to 37 months of imprisonment if defendant's Criminal History Category is I;
33 to 41 months of imprisonment if defendant's Criminal History Category is II;
37 to 46 months of imprisonment if defendant's Criminal History Category is III;
46 to 57 months of imprisonment if defendant's Criminal History Category is IV;
57 to 71 months of imprisonment if defendant's Criminal History Category is V;
63 to 78 months of imprisonment if defendant's Criminal History Category is VI.

CR 14-359, Doc. 13, pp. 2-3.

The pre-sentence report ("PSR") in this case provided: "The advisory guideline range of imprisonment is 57 to 71 months. The binding plea agreement stipulates to a two-level downward departure from the applicable guideline range, based on an early disposition program per U.S.S.G. §§5K3.1, which results in an imprisonment range of 46 to 57 months." PSR, ¶ 72.

On June 17, 2014, this Court found the advisory guidelines somewhat overstated Echeverria-Santizo's criminal history and sentenced Echeverria-Santizo to the custody of the Bureau of Prisons for a period of 32 months with credit for time served, to be followed by a 36 month term of supervised release.[1]

On December 11, 2014, Echeverria-Santizo filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Echeverria-Santizo asserts the sentence imposed was extremely severe for the crime committed. He also asserts the prosecutor and defense attorney told him his plea agreement included a provision for 24 months incarceration and that he gave up his right to appeal because he was scared of the prosecutor and defense attorney.

On September 28, 2015, this Court issued an Order permitting Echeverria-Santizo to replace the filed Motion with a complete Motion because a review of the Motion "indicate[d] that page 6 of the document is missing. It appears the missing page may include a Ground

---

[1]Echeverria-Santizo's Motion states that he received a 40 month term of incarceration.

- 2 -

Two." September 28, 2015, Order, p. 1. Echeverria-Santizo did not file a replacement Motion.

II. *Waiver of Right to File 28 U.S.C. § 2255 Petition*

A waiver generally will be enforced if the agreement, by its terms, expressly waives the right and the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Vences*, 169 F.3d 611 (9th Cir. 1999)(sentence was not illegal where it was authorized by the judgment of conviction and was not in excess of the statutory penalty). In this case, the plea agreement provided that if Echeverria-Santizo received a sentence that did not exceed 78 months, he waived any right to appeal the Court's entry of judgment or sentence and waived any right to collaterally attack under 28 U.S.C. § 2255 or any other collateral attack his conviction and sentence, "including the manner in which the sentence is determined and any sentencing guideline determinations." Plea Agreement (CR 14-359, Doc. 13, p. 4. Echeverria-Santizo's sentence of 32 months is consistent with the plea agreement and its stipulated sentencing ranges.

However, the Ninth Circuit has left "open the possibility that [a habeas petitioner] might raise [an] ineffective assistance argument on federal habeas procedure, through a § 2255 motion, notwithstanding that [his] appeal waiver covered 'all his waivable statutory rights to file a petition pursuant to 28 U.S.C. § 2255 challenging the length of his sentence.'" *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo-Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). A "'decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence[.]'" *United States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001), *reversed on other grounds, quoting DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000). To prevail on a claim of ineffective assistance of counsel, Echeverria-Santizo must satisfy a two prong test, demonstrating: (1)

- 3 -

deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Echeverria-Santizo was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984). Additionally, a defendant's Sixth Amendment right to counsel "extends to the plea bargaining process." *Lafler v. Cooper*, — U.S. — , —, 132 S.Ct. 1376, 1384 (2012). "A claim of ineffective assistance used to attack the validity of a guilty plea may be sustained where the petitioner establishes that the ineffective performance 'affected the outcome of the plea process . . . [such] that absent the erroneous advice, [he] would have insisted on going to trial.'" *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996), *quoting Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

III. *Ineffective Assistance of Counsel – Voluntariness of Plea*

Echeverria-Santizo appears to be asserting that he received ineffective assistance of counsel prior to and during plea proceedings; i.e., Echeverria-Santizo's decision to enter into a plea agreement was not knowing and voluntary because the plea agreement was the result of advice outside the range of competence. Where a claim involves alleged occurrences outside the record, a hearing is not required if the allegations "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir.1985), *quoting United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984). Where the allegations of a movant contradict statements made in court, credibility must be assessed. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). An evidentiary hearing is not required where the issue of credibility may be "conclusively decided on the basis of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 275,

277 (9th Cir.1988).[2] Also, courts may expand the record with other documentary evidence, use their own notes and recollections, and use common sense. *Shah*, 878 F.2d at 1159; *see also United States v. Espinoza*, 866 F.2d 1067, 1070 (9th Cir. 1988). The Court, therefore, will properly consider the record and what occurred in the criminal case.

In this case, the statements of Echeverria-Santizo during his plea proceeding and the plea agreement belie Echeverria-Santizo's claim that counsel was ineffective during the plea proceedings. During the change of plea proceeding, Echeverria-Santizo stated that no promises that were not in the written agreements had been made to him, no one had forced him to enter a plea of guilty, and that he was pleading guilty voluntarily, of his own free will, and because he was guilty. (CR 14-359, April 4, 2014 Transcript ("TR") (Doc. 24), p. 6).[3] Echeverria-Santizo also stated that he understood that he was agreeing to a sentence, depending on his criminal history and level of offense, of 30 to 78 months in prison. (*Id.* at 8).

Echeverria-Santizo's assertions that his sentence was extremely severe for the crime committed and that defense counsel told him that his plea agreement included a provision for 24 months incarceration are contradicted by the record.[4] The Court finds it has been

---

[2] However, a hearing may be required "in spite of 'the barrier of the plea or sentencing procedure record [which], although imposing, is not invariably insurmountable.'" *Shah*, 878 F.2d at 1158, *quoting Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

[3] Defense counsel clarified that he had promised Echeverria-Santizo that he would seek a variance, but that he could not guarantee whether one would be granted or not. (TR, p. 7). Echeverria-Santizo stated that he understood this.

[4] Similarly, Echeverria-Santizo's assertion the prosecutor told him the plea agreement included a provision for a 24 month period of incarceration is contradicted by the record. Even if Echeverria-Santizo had not waived his right to appeal or collaterally attack his conviction or sentence, he has procedurally defaulted on this claim. A defendant procedurally defaults on claims that he could have, but did not raise on appeal. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998). Echeverria-Santizo did not raise this claim on direct appeal and has not alleged that he is innocent or that cause and prejudice existed

1 conclusively established that Echeverria-Santizo's allegations are not credible. Therefore, an evidentiary hearing is not needed. *Watts*, 841 F.2d at 277.   The Court finds Echeverria-Santizo has not established defense counsel provided ineffective assistance of counsel as to this claim.

Moreover, Echeverria-Santizo has not asserted counsel's alleged ineffective "'performance affected the outcome of the plea process . . . [such] that absent the erroneous advice, [he] would have insisted on going to trial.'" *Baramdyka*, 95 F.3d at 844, *citation omitted*; *see also Hill*, 474 U.S. at 58; *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990).  Rather, Echeverria-Santizo only seeks to have his sentence set aside or reduced – i.e., he does seek to have his plea of guilty set aside.  Further, Echeverria-Santizo states that he was "aware that [he] was going to brake (sic) the law [when he] decided to cross the border.  [He] [k]new what [he] was doing was wrong and [he is] willing to pay for [his] crime."  Motion (Doc. 1), p. 6 of 12.  The Court finds Echeverria-Santizo has failed to establish that he was prejudiced by any alleged deficiency of counsel.

The Court finds Echeverria-Santizo has not established an ineffective assistance of counsel claim for which relief can be granted.

IV.  *Ineffective Assistance of Counsel – Failure to File a Notice of Appeal*

Echeverria-Santizo also asserts he gave up his right to appeal because he was scared of the prosecutor and defense attorney.   However, during the change of plea proceeding, Echeverria-Santizo stated that he understood that, under the terms of the plea agreement, he was giving up or waiving his right to appeal his conviction and sentence. (TR at 9).  Further, during the sentencing proceeding Echeverria-Santizo stated he understood he was waiving his right to appeal:

---

to excuse his procedural default.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1996).  The Court finds Echeverria-Santizo is not entitled to habeas relief on this claim.

     THE COURT: . . . Further, sir, in each of these cases you have the right to appeal from the sentence and disposition of the Court. However, because I have sentenced you within the terms of your plea agreements, do you understand that you have agreed to give up your right to file any appeal or other challenge to the disposition of the Court?

     THE DEFENDANT: Yes.

(CR 14-359, June 17, 2014 Transcript (Doc. 25), pp. 11-12).

Moreover, Echeverria-Santizon is not claiming that he directed defense counsel to file a Notice of Appeal and that defense counsel failed to do so. *See e.g. United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005). The Court finds Echeverria-Santizon has not established an ineffective assistance of counsel claim for which relief can be granted.

V. *Excessive Sentence*

Although Echeverria-Santizo asserts his sentence was excessive, he does not assert it was an illegal sentence. The plea agreement provided for a two-level downward departure from the applicable guideline range, which resulted in an imprisonment range of 46 to 57 months. However, this Court found the advisory guidelines somewhat overstated Echeverria-Santizo's criminal history and sentenced Echeverria-Santizo to the custody of the Bureau of Prisons for a period of 32 months with credit for time served, to be followed by a 36 month term of supervised release. The Court finds Echeverria-Santizo has waived the right to attack his sentence on this basis. *See United States v. Navarro–Botello*, 912 F.2d 318, 321–22 (9th Cir.1990) (reasoning the public policy of finality supports upholding waivers in plea agreements).

Additionally, even if Echeverria-Santizo had not waived his right to collaterally attack his sentence, he is procedurally defaulted on this claim, *Bousley*, and Echeverria-Santizo has not shown any basis to excuse his procedural default. *Murray*. The Court finds Echeverria-Santizo is not entitled to habeas relief on this claim.

- 7 -

VI. *Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Motion is brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Motion stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural rulings. A COA shall not issue.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. Echeverria-Santizo's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV 14-2560-TUC-CKJ, Doc. 1; CR 14-359, Doc. 21) is DENIED.

2. Cause No. CV 14-2560 is DISMISSED.

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 14-2560.

4. A Certificate of Appealability shall not issue in this case.

DATED this 20th day of July, 2016.

Cindy K. Jorgenson
United States District Judge

- 9 -